SILVER SPRING BLEACHING AND DYEING COMPANY *vs.* JAMES G. WOOLWORTH.

On issues in equity, a jury found that at the beginning of the suit an implied contract existed between complainant A. and the respondent B., whereby A. was and is entitled to the inventions and discoveries made by B. during the time of his employment by A.

Before the suit was answered, B. had been dismissed from the service of A.

*Held*, that A. was entitled to a disclosure by B. of the discoveries made by him while he was in A.'s employ, and without further compensation to him.

The verdict is conclusive if reconcilable with the evidence, and neither B.'s dismissal nor statements by A. when B. was hired as to increased compensation in case of valuable discoveries made by B. are inconsistent with the finding of the jury.

If B. violated his contract and assumed a position hostile to his employer, the dismissal was justifiable, and wages for past service not then due and payable were forfeited.

BILL IN EQUITY for disclosure and for an injunction.

The facts involved in this case are stated in the opinion of the court given below.

At the March Term, A. D. 1886, the issue of fact between the parties was submitted to a jury, whose verdict was :

" The jury find that there was at the time of the commencement of this suit an implied contract subsisting and in force between said parties, whereby the plaintiff was and is entitled to the inventions and discoveries made by the defendant during the time of his employment by said plaintiff as alleged in the bill."

After this verdict the case was further heard by the court, which at the April Term, A. D. 1887, filed the following rescript:

" The court is of the opinion that, under the verdict of the jury upon the issue submitted to them, the complainant is entitled to discovery of the process by which the defendant produces the aniline black color as alleged in the bill.

" Whether the defendant, in view of the allegation in the answer, which is not denied, that he was to profit by his discoveries in

an increase of salary, will not be entitled to compensation upon making such discovery, is a question which has not been discussed before us, and which we leave open for further consideration if the defendant wishes to be heard thereon."

The case was then heard on the question of compensation.

*March* 1, 1890.  DURFEE, C. J.   The defendant entered the service of the complainant corporation in August, A. D. 1878.   A part of his work was the making of experiments in processes of dyeing with a view to discovery and improvement.   The experiments were to be made during the times of service with the machinery and materials of the corporation, the fruits of the experimenting, if any, to be turned over to the corporation as its property.   There was a general understanding that the defendant was to enter the service with a view to remaining in it for an indefinite period ; but the agreement was only for a year, the corporation refusing to agree for a longer period.   He was to have $800 for the first year, the salary to be raised afterward as he became more skilful.   He was told by the treasurer of the corporation, while the contract was making, that, if he succeeded in effecting improvements of value to the corporation, he would reap a benefit in an increase of salary.   At the end of the first year the salary was raised to $1,200.   In 1879 and in 1880 he made discoveries which seemed promising, but which, according to the testimony for the corporation, turned out to be without value and involved the corporation in losses.   In the spring of 1885, while experimenting for that purpose by direction of the corporation, he discovered or claimed to have discovered a process for producing a fast color in aniline black, a discovery which, if as claimed, is of great value.   He refused to disclose the process to the corporation, unless it would agree to some new terms of compensation, claiming that it had failed to keep its agreement, because it had not raised his salary on his previous discoveries, and naming ten per cent. of the profits of his new discovery as the condition of disclosure, saying, according to testimony for the corporation, " I have got this company where I can dictate terms, and I propose to do it."   According to testimony for the corporation, much time and an expenditure of several thousand dollars will be required to test the discovery, before it can be known whether it is

valuable, and the defendant, being asked if he would contribute to the expense, answered, "No." The corporation began this suit April 21, A. D. 1885, the object being to oblige him to disclose the process, and to restrain him from disclosing it to others, and from applying for a patent for himself. It dismissed the defendant from service immediately afterwards.

The answer of the defendant sets up that, after six months service under the original hiring, he passed to another part of the business; that two years later he returned to his original work; that a little later he left the service for a while, and again entered it, but that there was no agreement, on his reëmployment, that the subsequent discoveries should belong to the corporation. The answer also sets up his dismissal. An issue of fact was preferred and sent to the jury. The jury, following the form of the issue, found thereon that there was "at the time of the commencement of this suit an implied contract subsisting and in force between said parties, whereby the plaintiff was and is entitled to the inventions and discoveries made by the defendant during the time of his employment by said plaintiff as alleged in the bill." The verdict stands, no petition for new trial having been filed.

The court decided in pursuance of the verdict that the corporation is entitled to the disclosure, but allowed the case to stand over for hearing on the question, whether the defendant will not be entitled, under the agreement alleged, to some compensation on making it.

The defendant contends that the corporation, by dismissing him from its service, has disabled itself from carrying out the contract on its part, and is therefore not entitled to relief against him. The contention is inconsistent with the finding of the jury, for, as the dismissal had previously occurred and been set up in the answer, it must be presumed that the jury found the corporation entitled notwithstanding the dismissal. It cannot prevail if the verdict can be reconciled in any way with the evidence. It is true the question, as submitted to the jury, is a question of mixed law and fact, but it was tried to the jury in court, and, nothing appearing to the contrary, it must be presumed that the court properly instructed the jury in the law so far as such instruction was needful or was requested. We do not see how we can treat the

matter in any other way without declaring the question itself, which seems to have been agreed to, fatally vicious.

The defendant's argument rests on the assumption that what was said when the contract was making, about an increase of salary in case of valuable discoveries or inventions, must be taken as a substantive part of the contract. But the jury may have thought differently. They may have concluded, not without reason we think, that what was then said was not intended or understood to be a part of the contract, but only something which the corporation might be expected to do voluntarily in case of valuable discoveries. No ratio of increase was agreed upon, and, after the first year, the service was terminable at the will of either party. This being so, we do not see how, if what was said were regarded as a part of the contract, it could be enforced in equity, or how it could furnish any *data* for damages for a breach thereof at law. It is no uncommon thing, we suppose, for similar assurances to be given and received by parties entering into the relation of employer and employed, simply as assurances, depending on the continuance of the relation and on subsequent agreement to give them binding effect.

It seems to us also that there is another light in which the jury may have regarded the matter, namely, that the defendant was guilty of such misconduct as justified his dismissal ; and that, if so, it is his own fault if he loses his opportunity to profit by his discovery in an increase of salary, and it cannot affect the right of the corporation to relief. In considering this point it is to be borne in mind that the discovery was made by the defendant, not only while he was in the service of the corporation, but as a part of his service. He was using its time, its materials, its machinery, under its direction, for the purpose of making the discovery, and it follows that, independently of any special contract to that effect, the resulting discovery was just as much its property as if, instead of being the formula of a secret process, it had been a material product ; so that the defendant in refusing disclosure was refusing to give up to the corporation what belonged to it. The defendant excuses himself by setting up that the corporation was the first to break the contract by previously refusing an increase of salary. But the answer of the corporation is, that it was only for valuable

discoveries that the increase was to be given, and that the previous discoveries were without value, and the jury may have deemed this answer sufficient.   The remedy for the defendant, if he was not satisfied with the compensation which he was receiving, was to decline to undertake the experiment until he was satisfied, not to make the experiment at the expense of the corporation, as its servant, and then refuse to disclose the result.   Indeed, the fact that after having left the service, as he alleges, he returned to it without exacting new terms, goes to show that he did not then think that he was being unfairly used.   Moreover, the contract, supposing that it was such, was that the defendant should have an increase of salary in case of his making valuable discoveries or improvements, which of course means that the increase should follow disclosure and proof of value, not precede them.   The defendant refused disclosure unless the corporation would agree beforehand, not to carry out the alleged contract, but to do something entirely different.   He thus repudiated the contract which he now claims that he is entitled to the benefit of, and put himself in an attitude of hostility to his employer, indeed defying his employer, if he used the language attributed to him.   And the jury, if this was so, might properly consider the dismissal justified.   It seems to be well settled that such conduct is sufficient ground for dismissal.   Wood on Master and Servant, § 116 ; 1 Addison on Contracts, *447 ; *Amor* v. *Fearon,* 1 P. & D. 398 ; *Lacy* v. *Osbaldiston,* 8 C. & P. 80 ; *Callo* v. *Brouncker,* 4 C. & P. 518 ; *Turner* v. *Mason,* 14 M. & W. 112 ; *Singer* v. *McCormick,* 4 W. & S. 265 ; *Dierenger* v. *Meyer,* 42 Wisc. 311 ; 24 Amer. Rep. 415 ; *Spain* v. *Arnott,* 2 Starkie, 256.   And it is held that a servant, so dismissed during a term of service, forfeits his wages for services previously performed if not then due and payable. *Libhart* v. *Wood,* 1 W. & S. 265 ; 37 Amer. Decis. 461 ; *Turner* v. *Robinson,* 5 B. & Ad. 789 ; *Spain* v. *Arnott, supra.*

Our conclusion is, that the complainant is entitled to a decree for disclosure without further compensation to the defendant.

STINESS, J., dissented.

*Benjamin F. Thurston & John D. Thurston,* for complainant.
*Warren R. Perce,* for respondent.